Young Sam Lee
600 W. 9th St.#301
Los Angeles, CA 90015

*In Pro Per*

**FILED**

MAR 1 5 2017

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:
                    Deputy Clerk

## UNITED STATE BANKRUPTCUY COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **IN RE:** | Adversary Case: |
| **SAM LEE** | BK Case No: 2:14-bk-26377-SK |
| *Debtor* | **COMPLAINT FOR:** |
| **SAM LEE** | 1. **TOM BANE CIVIL RIGHTS ACT;** |
| *Plaintiff* | 2. **VIOLATION OF CIVIL RIGHTS [42 USC § 1983];** |
| **vs.** | 3. **CONSPIRACY AGAINST RIGHTS [42 U.S.C. § 1985 (3)];** |
| | 4. **UNLAWFUL EVICTION; VIOLATION OF AUTOMATIC STAY;** |
| **SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A** | 5. **ABUSE OF PROCESS;** |
| **PROFESSIONAL LAW CORPORATION;** | 6. **FRAUD by Intentional Misrepresentation;** |
| **and Does 1 to 5** | 7. **Temporary Restraining Order, Preliminary and Permanent Injunction;** |
| *Defendants* | 8. **CONSPIRACY TO PARTICIPATE IN RACKETEERING;VIOLATION OF RICO ACT under 18 USC § 1962 [d];** |
| | **And DEMAND FOR JURY TRIAL** |

-1-

**Adversary Complaint**

Debtor Sam Lee hereinafter referred to as "Plaintiff" complaints and alleges the follows:

## JURISDICTION AND VENUE

1. This adversary proceeding arises out of Debtor Sam Lee's case under Chapter 7, of Title 11, This court has jurisdiction over this adversary proceeding pursuant 28 U.S.C. pursuant 28 U.S.C. §§ 157, 1334 and 11 U.S.C. 362. This proceeding is core proceeding under 28 U.S.C. § 157 (b)(2)

2. This property at issue located in the County of Los Angeles, State of California.
   This property is located at
   600 W. 9th St.#301, Los Angeles, CA 90015

3. The case concerns Violation of Due Process, Civil Rights Violations, Fraud and Abuse of Process in the acts and omissions conducted by defendants during the course of an Unlawful Detainer Case, which was Case Number 15U12185.

4. The underlying U.D. case was litigated at 111 N. Hill Street, Los Angeles, CA 90012 in Department 94. [Plaintiff seeks monetary damages Only and is not using it as an appellate process. So, the Rooker-Feldman Doctrine is not applicable.] This Case is brought under the Federal Civil Rights Act in that the core of the issues concern violations of civil rights. Therefore, the case is exempt from the requirements of Cal. Gov. Code § 910, et. seq. and there is no requirement for a claim form prior to commencement of this action. [Plaintiff does not seek an appellate remedy here.[Rooker-Feldman Moot]

5. Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 5, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these unknown defendants when ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named in this Complaint, including all defendants named as DOES 1 through 5, inclusive, was at

**Adversary Complaint**

all times herein relevant the authorized agent, employee or representative of one or more

of the remaining defendants and that, in doing the things herein alleged, was acting

within the course and scope of such agency, employment or representation.

7. Wherever and whatever reference is made in this complaint to any act or failure to act by

Defendant or Defendants, such allegations and references shall also be deemed to mean

the acts and failures of Defendants, whether acting individually, or jointly and severally.

8. Plaintiff is and was at all times-mentioned a resident of the County of Los Angeles.

9. The Superior Court of California for the County of Los Angeles is, and at all times

relevant, was acting under color of law, and its employees, agents, and judge was acting

by under its direction, under color of law, and acted in all allegations because of dislike

of Plaintiff's race, and the Superior Court, its judge and employees owed a duty to

plaintiff to uphold the laws of the California and United States Constitution, and to

follow the California Civil Codes and Codes of Civil Procedure, but instead intentionally

refused and failed to comply with certain statutes and constitutional law, as alleged herein.

10. Defendants participated in the acts herein alleged, "in concert" with the other defendants,

which constitute a Conspiracy for the purposes of Conspiracy Against Rights, as

described in 42 U.S. C § 1985[3]. Plaintiff alleges that Defendants have a policy, pattern

of practice and custom of conspiring "in concert" to violate the rights of individuals

"under color of law".

**ISSUES**

11. Whether or not the Trial Court abused discretion and deprived Defendant Sam Lee of his

substantive due process rights to file an Answer to the "at issue" unlawful Detainer action.

In that, Sam Lee had filed a Demurrer. The Court failed to give Sam Lee 5 days to file an

Answer after the hearing on Demurrer to the U.D. Complaint, instead held a trial against

Sam Lee, without giving any Notice, and without allowing him to file an Answer.

-3-

**Adversary Complaint**

12. Whether or Not the Defendants violated Federal and State Laws, by Su M. Kim and Donald Yang submitting an Application for Writ of Possession of the related U.D. property, when Sam Lee was not given an opportunity to file an Answer, after the Demurrer to Complaint was summarily overruled.

13. Whether or Not the Defendants violated Federal Laws, by Su M. Kim and Donald Yang submitting an Application for Writ of Possession of the related U.D. property, even Sung Sook Lee, Su M. Kim and Donald Yang knew Sam Lee filed bankruptcy and still was pending during U.D. Lawsuit.

14. Whether or not the Superior Court and the Clerk of the Court violated Plaintiff's rights by issuing a Writ of Possession to Su M. Kim and Donald Yang's client, Sung Sook Lee.

15. Plaintiff does not seek the this Court to remedy the situation as an Appellate-Type of review, but instead Plaintiff seeks a monetary award of damages. [A Rooker-Feldman Defense is therefore Moot.]

## PARTIES TO THE ACTION

16. Plaintiff Sam Lee (aka Young Sam Lee), is and at all times herein mentioned was, over the age of eighteen and a legal citizen of the County of Los Angeles, State of California.

17. Defendant(s) Sung Sook Lee filed U.D. complaint against subject property's tenant(s). Sung Sook Lee, is and was at all times-mentioned a resident of County of Los Angeles or Orange .

18. Defendant Su M. Kim is majority stock holder, and primary officer for Defendant Yang & Kim, a Professional Law Corp.

19. Defendant Donald Yang is majority stock holder, and primary officer for Defendant Yang & Kim, a Professional Law Corp.

20. Defendants Su M. Kim and Donald Yang personally participated in the acts herein alleged, "in concert" with the other defendants, which constitute a Conspiracy for the

-4-

**Adversary Complaint**

purpose of Conspiracy Against Right, as described in 42 U.S.C. § 1985[3]. Plaintiff Sam Lee alleges that Defendants have a policy, pattern of practice and custom of conspiring "in concert" to violate the rights of individuals "under color of law".

21. All persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff legal landlord's title, or Any Cloud on Plaintiff legal landlord's title Thereto and DOES 1 through 5, inclusive, will be specified by amending the complaint, if need be.

22. Defendants herein named as "All persons Unknown Claiming Any Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff legal landlord's title, or Any Cloud on Plaintiff legal landlord's title Thereto" are hereinafter sometimes referred to as the "unknown defendants" and are unknown to Plaintiffs. These unknown defendants and each of them claim or appear to claim some right, title, estate, lien or interest in the property adverse to Plaintiff legal landlord's title. Their claims, and each of them, constitute a cloud on Plaintiff legal landlord's title to the property.

23. Plaintiff's unaware of true names and capacities of defendants sued herein as DOES 1 through 5, inclusive, therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these unknown defendants when ascertained.

24. Plaintiff is informed and believes, and thereon alleges, that each of defendants names in this complaint named as DOES 1 through 5, inclusive, was at all times herein relevant the authorized agent, employee or representative of one or more of the remaining defendants and that, in doing things herein alleged, was acting within the course and scope of such agency, employment or representation.

## FIRST CAUSE OF ACTION
## TOM BANE CIVIL RIGHTS ACT

-5-

**[Civ. Code § 51.7, and added Civ. Code § 52.1 and Penal Code § 422.6 et seq.]**

(Against SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A

PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

25. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 24, inclusive, as if alleged herein in full.

26. Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein.

27. On or about January 26, 2016, a trial was held for an Unlawful Detainer Case, which was case number 15U12185. This case was litigated at 111 N. Hill St., Los Angeles, CA 90012 in Department 94.

28. Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer was scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that this demurrer had been removed from the U.D. Calendar by Defendants "in concert".

29. Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing on the demurrer, Court and defendants consolidated the Trial for the other Defendants with Sam Lee's trial. When Sam Lee's trial should not have been held until after the hearing on his demurrer, after an Answer to the Unlawful Detainer had been filed by Sam Lee. Plaintiff Sam Lee was denied his right to be heard on his demurrer, denied the right to file an Answer to the U.D. Complaint, and the right to be given notice of trial.[Constitutional or Laws of California, e.g. Under Civ. Code § 51]

30. On Jan. 26, 2016, the Superior Court and its employees, agents entered a judgment against Sam Lee, without allowing him to have Due Process of Law.

-6-

**Adversary Complaint**

31. On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

32. Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

33. At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

34. As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

35. As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

36. The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

37. Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

38. Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.


## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS

-7-

**[42 USC § 1983]**

(Against  SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A

PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

39. Plaintiff refers to and incorporates by this reference each allegation set forth in
Paragraphs 1 through 38, inclusive, as if alleged herein in full.

40. Defendants Doe I through Doe 5, inclusive, are sued herein under fictitious names. Their
true names and capacities are unknown to plaintiff. When their true names and capacities
are ascertained, plaintiff will amend this complaint by inserting their true names and
capacities herein.

41. On or about January 26, 2016, a trial was held for an Unlawful Detainer Case, which was
case number 15U12185. This case was litigated at 111 N. Hill St., Los Angeles, CA
90012 in Department 94.

42. Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer was
scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that this
demurrer had been removed from the U.D. Calendar by Defendants "in concert".

43. Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing on the
demurrer, Court and defendants consolidated the Trial for the other Defendants with Sam
Lee's trial. When Sam Lee's trial trial should not have been held until after the hearing
on his demurrer, after an Answer to the Unlawful Detainer had been filed by Sam Lee.
Plaintiff Sam Lee was denied his right to be heard on his demurrer, denied the right to file
an Answer to the U.D. Complaint, and the right to be given notice of trial.[Constitutional
or Laws of California, e.g. Under Civ. Code § 51]

44. On Jan. 26, 2016, the Superior Court and its employees, agents entered a judgment
against Sam Lee, without allowing him to have Due Process of Law.

-8-

**Adversary Complaint**

45. On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

46. Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

47. At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

48. As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

49. As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

50. The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

51. Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

52. Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.

### THIRD CAUSE OF ACTION
### CONSPIRACY AGAINST RIGHTS

-9-

**Adversary Complaint**

**(42 U.S.C. § 1985 (3))**

(Against SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A

PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

53. Plaintiff refers to and incorporates by this reference each allegation set forth in
Paragraphs 1 through 52, inclusive, as if alleged herein in full.

54. Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names. Their
true names and capacities are unknown to plaintiff. When their true names and capacities
are ascertained, plaintiff will amend this complaint by inserting their true names and
capacities herein.

55. On or about January 26, 2016, a trial was held for an Unlawful Detainer Case, which was
case number 15U12185. This case was litigated at 111 N. Hill St., Los Angeles, CA
90012 in Department 94.

56. Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer was
scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that this
demurrer had been removed from the U.D. Calendar by Defendants "in concert".

57. Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing on the
demurrer, Court and defendants consolidated the Trial for the other Defendants with Sam
Lee's trial. When Sam Lee's trial trial should not have been held until after the hearing
on his demurrer, after an Answer to the Unlawful Detainer had been filed by Sam Lee.
Plaintiff Sam Lee was denied his right to be heard on his demurrer, denied the right to file
an Answer to the U.D. Complaint, and the right to be given notice of trial.[Constitutional
or Laws of California, e.g. Under Civ. Code § 51]

58. On Jan. 26, 2016, the Superior Court and its employees, agents entered a judgment
against Sam Lee, without allowing him to have Due Process of Law.

-10-

**Adversary Complaint**

59. On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

60. Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

61. At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

62. As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

63. As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

64. The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

65. Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

66. Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.

### FOURTH CAUSE OF ACTION
### UNLAWFUL EVICTION; VIOLATION OF AUTOMATIC STAY

-11-

(Against  SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A
PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

67. Plaintiff refers to and incorporates by this reference each allegation set forth in
Paragraphs 1 through 66, inclusive, as if alleged herein in full.

68. Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names. Their
true names and capacities are unknown to plaintiff. When their true names and capacities
are ascertained, plaintiff will amend this complaint by inserting their true names and
capacities herein.

69. Plaintiff believes that Defendant lacked standing to bring the U.D. action because
Defendant was not a real party in interest and has no right to sue for possession based on
the following fact, that upon examination of the "Notice of Trustee Sale", it contains a
"Notice to Bidders" that states the LIEN is being bid on and not the PROPERTY,
Defendant alleged in U.D. complaint that "property" was purchased at the foreclosure,
however the Notice of Trustee Sale specifically states that only the LIEN was being
offered to bid on.

70. This notice to bidder contained in the notice of Trustee Sale is clear and unambiguous
concerning what is being offered for sale at the auction, and therefore patently conflicts
Sung Sook Lee's complaint regarding the sale of the property instead of the LIEN.

71. As such Defendants has ownership of the LIEN and all rights to seek enforcement action
to recover on any obligation associated with the lien but not rights, title, and interest in
and to the property itself.

72. Debtor discovered that when Sung Sook Lee purchased Lien(Not Property) in Trustee
Sale, foreclosure trustee  cannot even conduct any foreclosure because the substitution of
trustee and assignments of the deed of trust from the all trustee & Lender were void and
invalid. A break in the chain of title constitutes a title defect. Trustee recorded a notice of
default before foreclosure trustee recorded Notice of Trustee Sale. The Notice of Default,

**Adversary Complaint**

Notice of Trustee Sale and Trustee's Deed prepared by foreclosure trustee in connection
with its processing of California were prepared and executed in California. This case
involves objectively verifiable proof of fraud and forgery in the recorded chain of title in
regard to critical foreclosure documents such as the Assignment of the Deed of Trust, and
the Substitution of Trustee. Under California law, these documents must be duly
acknowledged and recorded in order to be deemed valid foreclosure documents
supporting the right to exercise the private power of sale, and to conduct a non-judicial
foreclosure sale.

73. When Defendants Posted Notice of Quit, Sam Lee notified his pending bankruptcy to
Defendant(s) Yang & Kim office.

74. On or about January 26, 2016, a trial was held for an Unlawful Detainer Case, which was
case number 15U12185. This case was litigated at 111 N. Hill St., Los Angeles, CA
90012 in Department 94.

75. Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer was
scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that this
demurrer had been removed from the U.D. Calendar by Defendants "in concert".

76. Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing on the
demurrer, Court and defendants consolidated the Trial for the other Defendants with Sam
Lee's trial. When Sam Lee's trial should not have been held until after the hearing on his
demurrer, after an Answer to the Unlawful Detainer had been filed by Sam Lee. Plaintiff
Sam Lee was denied his right to be heard on his demurrer, denied the right to file an
Answer to the U.D. Complaint, and the right to be given notice of trial.[Constitutional or
Laws of California, e.g. Under Civ. Code § 51]

77. On Jan. 26, 2016, the Superior Court and its employees, agents entered a judgment
against Sam Lee, without allowing him to have Due Process of Law.

**Adversary Complaint**

78. On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

79. Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

80. At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

81. As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

82. As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

83. The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

84. Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

85. Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.

## FIFTH CAUSE OF ACTION
## ABUSE OF PROCESS

-14-

**Adversary Complaint**

(Against SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A

PROFESSIONAL LAW CCORPORATION; and Does 1 to 5)

86. Plaintiff refers to and incorporates by this reference each allegation set forth in
Paragraphs 1 through 85, inclusive, as if alleged herein in full.

87. Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names. Their
true names and capacities are unknown to plaintiff. When their true names and capacities
are ascertained, plaintiff will amend this complaint by inserting their true names and
capacities herein.

88. On or about January 26, 2016, a trial was held for an Unlawful Detainer Case, which was
case number 15U12185. This case was litigated at 111 N. Hill St., Los Angeles, CA
90012 in Department 94.

89. Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer was
scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that this
demurrer had been removed from the U.D. Calendar by Defendants "in concert".

90. Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing on the
demurrer, Court and defendants consolidated the Trial for the other Defendants with Sam
Lee's trial. When Sam Lee's trial should not have been held until after the hearing on his
demurrer, after an Answer to the Unlawful Detainer had been filed by Sam Lee. Plaintiff
Sam Lee was denied his right to be heard on his demurrer, denied the right to file an
Answer to the U.D. Complaint, and the right to be given notice of trial.[Constitutional or
Laws of California, e.g. Under Civ. Code § 51]

91. On Jan. 26, 2016, the Superior Court and its employees, agents entered a judgment
against Sam Lee, without allowing him to have Due Process of Law.

92. On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer
from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim
and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

**Adversary Complaint**

93. Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

94. At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

95. As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

96. Defendans had a motive to deny Plaintiff his right, which is not the normal course of judicial process. This conduct was Abuse of Judicial process.

97. As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

98. The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

99. Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

100.    Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.

101.

### SIX CAUSE OF ACTION

### FRAUD by Intentional Misrepresentation

-16-

**Adversary Complaint**

(Against SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A
PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

102.     Plaintiff refers to and incorporates by this reference each allegation set forth in
Paragraphs 1 through 101, inclusive, as if alleged herein in full.

103.     Defendants Doe 1 through Doe 5, inclusive, are sued herein under fictitious names.
Their true names and capacities are unknown to plaintiff. When their true names and
capacities are ascertained, plaintiff will amend this complaint by inserting their true
names and capacities herein.

104.     On or about January 26, 2016, a trial was held for an Unlawful Detainer Case,
which was case number 15U12185. This case was litigated at 111 N. Hill St., Los
Angeles, CA 90012 in Department 94.

105.     Prior to the trial Plaintiff had filed a Demurrer to the Complaint. The demurrer
was scheduled for Feb. 10, 2016. On Feb. 16, 2016, Plaintiff Sam Lee discovered that
this demurrer had been removed from the U.D. Calendar by Defendants "in concert".

106.     Plaintiff was never allowed to be heard on his demurrer, and prior to the hearing
on the demurrer, Court and defendants consolidated the Trial for the other Defendants
with Sam Lee's trial. When Sam Lee's trial trial should not have been held until after the
hearing on his demurrer, after an Answer to the Unlawful Detainer had been filed by Sam
Lee. Plaintiff Sam Lee was denied his right to be heard on his demurrer, denied the right
to file an Answer to the U.D. Complaint, and the right to be given notice of
trial.[Constitutional or Laws of California, e.g. Under Civ. Code § 51]

107.     On Jan. 26, 2016, the Superior Court and its employees, agents entered a
judgment against Sam Lee, without allowing him to have Due Process of Law.

-17-

**Adversary Complaint**

108.    On Feb. 1, 2016, the Superior Court, and its employees removed Sam Lee's Demurrer from the U.D. Calendar, by the Direction of Su M. Kim, Donald Yang and Yang & Kim and DOES 1-5, who all acted in Concert to violate Plaintiff's rights.

109.    Plaintiff has the right to full and equal rights and protection of the laws within state, and may not be refused entry or service because of his/her religion.

110.    At all times mentioned defendants here, had knowledge of the Unnamed Occupants and they acted, conspired and participated to violate Plaintiff's Civil Rights. Defendants and each of them, have a pattern, practice and custom of violating rights.

111.    As a proximate result of the prohibited conduct by defendant, e.g., interference with plaintiff's right to full and equal accommodations and service and equal access to the courts, plaintiff has suffered damages in an amount according to Proof, and beyond the $25,000 and $75,000 marks for both Superior Court and Federal Courts.

112.    As a proximate result of the wrongful act of defendants, plaintiff is in addition entitled to recover a statutory civil penalty of $25,000, as provided in Civ. Code § 52(b)[Deering's].

113.    The above-recited actions of defendants were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights.

114.    Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that Defendants and Does have acted and conspired in concert under color of law, abused discretion, abused process, acted with fraud, acted with malice and did it because Plaintiff belonged to a member of a protected class or because of Plaintiff racial background.

115.    Plaintiff has no adequate remedy at law for the injuries currently being suffered or that are threatened in that plaintiff will be forced to institute a multiplicity of suits to protect himself/herself against the ongoing interference with his/her legal rights.

116.    As a result of the false representations, Plaintiff suffered harm.

-18-

**Adversary Complaint**

## SEVEN CAUSE OF ACTION

### Temporary Restraining Order, Preliminary and Permanent Injunction

(Against SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A

PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

117.    Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 116, inclusive, as if alleged herein in full.

118.    On or about March 9, 2017, Defendant and their agent(other employees) attempted to enter into the subject property, prior to obtaining a Writ of Possession to do so. At the time the defendants broke into the subject property, plaintiff had rightful possession of the premises. During defendants illegal entry, defendant's employee and agent took valuable personal property owned by plaintiff.

119.    The above-listed defendants continued to threaten to evict and lock out plaintiff's home, which is the subject of this litigation.

120.    Plaintiff demands that defendants stop their (threatened) conduct. Defendants refusal, and resulting necessity for prompt judicial action to protect plaintiff and plaintiff's family.

121.    Plaintiff demanded that defendants stop their conduct again. Defendants and each of them, have refused and still refrain from their threatened conduct.

122.    Defendants' [threatened] wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff.

123.    Plaintiff has no adequate remedy at law other than to seek a restraining order and a preliminary injunction against defendants.

124.    Plaintiff will be damaged in like manner so long as defendants' conduct continues. The full amount of this damage is not now known to plaintiff, and plaintiff will amend

**Adversary Complaint**

this complaint to state this amount when it becomes known to him or on proof of the damages.

125.      For a temporary restraining order, Preliminary and Permanent Injunction, all enjoined defendants, and each of them, and their agents, servant, and employees, and all person acting under, in concert with, or for them: That Defendants Stay at Least 50 yards from the Subject Property.

## EIGHT  CAUSE OF ACTION
## CONSPIRACY TO PARTICIPATE
## IN RACKETEERING; VIOLATION OF RICO ACT under 18 USC § 1962 [d]
(Against  SUNG SOOK LEE; SU M. KIM; DONALD YANG; YANG & KIM, A PROFESSIONAL LAW CORPORATION; and Does 1 to 5)

126.      Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 125, inclusive, as if alleged herein in full.

127.      Plaintiff alleges that the defendants engaged in a conspiracy to violate RICO. This means that plaintiff allege that the defendants conspired to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

WHEREFORE, plaintiff prays judgment against defendant[s, and each of them,] as follows:

1. For actual damages in the amount of According to Proof [At least $75,000]; or in the amount of $200,000 if judgment is by Default.

2. For a statutory civil penalty in the sum of $25,000, pursuant to Civ. Code 52(b) [Deering's];

3. For exemplary and punitive damages; and for such other relief under law.

**Adversary Complaint**

Respectfully submitted,

Dated: March 14, 2017

By _____

      Young Sam Lee aka Sam Lee

**Adversary Complaint**

### VERIFICATION BY SAM LEE

SAM LEE, am the plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 14, 2017

By

    Young Sam Lee aka Sam Lee

-22-

**Adversary Complaint**

Exhibit A

United States Bankruptcy Court
Central District of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 08/26/2014
at 1:40 PM and filed on 08/26/2014.



**Young Sam Lee**
600 W 9TH St #301
Los Angeles, CA 90015
213 220-7676
SSN / ITIN: xxx-xx-3955
*aka* **Young S Lee**
*aka* **Y Sam Lee**
*aka* **Sam Lee**



The bankruptcy trustee is:

**David M Goodrich (TR)**
333 S. Hope St., 35th Floor
Los Angeles, CA 90071
(213) 626-2311

The case was assigned case number 2:14-bk-26377-SK to Judge Sandra R. Klein.

In most instances, the filing of the bankruptcy case automatically stays certain
collection and other actions against the debtor and the debtor's property. Under
certain circumstances, the stay may be limited to 30 days or not exist at all,
although the debtor can request the court to extend or impose a stay. If you
attempt to collect a debt or take other action in violation of the Bankruptcy Code,
you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the
debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at
the Clerk's Office, 255 East Temple Street,, Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice
from the court setting forth important deadlines.

Exhibit B

 

**This page is part of your document - DO NOT DISCARD**



# 20150092915

Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/27/15 AT 8:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |





**L E A D S H E E T**



201501273270004

00010106064



006617960

**SEQ:
01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E528311                                                     E12

RECORDING REQUESTED BY
**LPS Default Title & Closing**
**3220 El Camino Real**
**Irvine, CA 92602**

AND WHEN RECORDED MAIL TO:
**NBS Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
Long Beach, CA 90802

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 9462-0657    TSG Order No.: 130194502-CA-MAI A.P.N.: 5138-001-075

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

### 出售通知

### 注：本文件包含一个信息摘要

### 매각 공고

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

### AVISO DE VENTA

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO

### PABATID NG PAGBEBENTA

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

### THÔNG BÁO BÁN

BẢN TRÌNH BẢY TÓM LƯỢC VỀ THÔNG TIN CHÍNH

(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/07/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NBS Default Services, LLC, as the duly appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded 12/16/2005 as Document No.: 053099374, of Official Records in the office of the Recorder of Los Angeles County, California, executed by: SHIN J BYUN, A SINGLE WOMAN, as Trustor, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable in full at time of sale by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and state, and as more fully described in the above referenced Deed of Trust.

**Sale Date & Time: 02/17/2015 at 10:00 AM**
**Sale Location: Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona CA**

The street address and other common designation, if any, of the real property described above is purported to be: 600 WEST 9TH STREET #301, LOS ANGELES, CA 90015

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: **$571,939.06** (Estimated).   Accrued interest and additional advances, if any, will increase this figure prior to sale.   It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.



NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call, 916-939-0772 for information regarding the trustee's sale or visit this Internet Web site, www.nationwideposting.com, for information regarding the sale of this property, using the file number assigned to this case, T.S.# 9462-0657. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the internet Web site. The best way to verify postponement information is to attend the scheduled sale.

*If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.*

NBS Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802
800-766-7751
For Trustee Sale Information Log On To: www.nationwideposting.com or Call: 916-939-0772.

**NBS Default Services, LLC, Nicole Rodriguez, Foreclosure Associate**

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this is not an attempt to impose personal liability upon you for payment of that debt. In the event you have received a bankruptcy discharge, any action to enforce the debt will be taken against the property only.

Exhibit C

Sam Lee and Jung Kim
600 W. 9th St., #301
Los Angeles, CA 90015
(213)536-7119
Defendant pro se

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 2 2 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| SUNG SOOK LEE,<br><br>      Plaintiff,<br><br>vs.<br><br>SHIN BYUN; TAE H. KO, et. al. ,<br><br>      Defendants. | Case No.: 15U12185<br><br>Defendant Sam Lee and Jung Kim's<br>**VERIFIED ANSWER TO COMPLAINT**<br>OF SUNG SOOK LEE<br><br>Hearing Date: <u>NA</u><br>Time: _____<br>Dept.: 94<br>Judge: as assigned<br><br><br>**Estimated Time Needed: NA**<br><br><br><br><br><br>**Limited** Jurisdiction<br>Amount demanded does not exceed $10,000 |

**Defendant Sam Lee and Jung Kim answer the complaint for**

**unlawful detainer as follows:**

**STATEMENT OF FACTS**

1. Plaintiff does not have legal capacity to sue, is because

a Post-foreclosure <u>U.D. Action</u> requires that <u>the Owner Duly Perfect Title.</u>

2. Plaintiff never gave sufficient Notice as to the 90 Post-Foreclosure Requirement.

3. Therefore, Plaintiff filed the Complaint for Unlawful Detainer prematurely.

## AFFIRMATIVE DEFENSES

I.   The Supreme Court has ruled that affirmative defenses are allowed in unlawful detainer

   actions.

See Green V. Superior Court (1974) 4 CA3d 716, 84 CR 756; D'Amico v. Riedel (1949)

   95  A2d 6.

II.  AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE
    DEFENDANT ASSERTS:

   • Alterations by landlord unreasonably interfered with quiet enjoyment of premises;
   constructive eviction. *Ch. 334, Landlord and Tenant: Claims for Damages, § 334.107;
   see also Civ. Code § 1927.*

III. AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE
    DEFENDANT ASSERTS:

   • Breach of dependent covenant by landlord; discharge from payment of rent. *Ch. 334,
   Landlord and Tenant: Claims for Damages, § 334.111; see also  Kulawitz v. Pacific
   Woodenware & Paper Co. (1944) 25 Cal. 2d 664, 669-670, 155 P.2d 24 ;   Medico-
   Dental etc. Co. v. Horton & Converse (1942) 21 Cal. 2d 411, 418-420, 132 P.2d 457*

IV. AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE
    DEFENDANT ASSERTS:

   • **Condemnation of premises**; discharge from payment of rent. *Ch. 334, Landlord and
   Tenant: Claims for Damages, § 334.114; see also   Texas Co. v. County of Los Angeles
   (1959) 52 Cal. 2d 55, 62, 338 P.2d 440*

V.  AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE
    DEFENDANT ASSERTS:

   • Destruction of premises; discharge from payment of rent. *Ch. 334, Landlord and
   Tenant: Claims for Damages, § 334.113; see also Civ. Code §§ 1932(2), 1933(4)*

VI. AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE
DEFENDANT ASSERTS:

- **Discharge from payment of rent** on surrender of premises by tenant and reletting by
landlord at same rental under post-July 1, 1971 lease. *Ch. 334, Landlord and Tenant:
Claims for Damages, § 334.104; see also Civ. Code § 1951.2*

VII.    AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE
DEFENDANT ASSERTS:   DEFENDANT INVOKES THE DEFENSE OF
"LACK OF STANDING"

The issue of standing or capacity is an aspect of subject matter jurisdiction, it cannot be waived,

and it may be raised at any time in the proceedings.

See Redevelopment Agency of San Diego v . SDG&E, 111 CA4th 912, 921, 4 CR3d 317 (2003)

A party may raise the issue of lack of standing "even for first time on appeal".

See Horn v. County of Ventura, 24 C3d 605, 619, 156 CR 718 (1979);

PLAINTIFF LACKS LEGAL STANDING TO SUE

Whereas a Deed Upon Sale must be recorded within 15 days after the foreclosure sale.

In this case, *Plaintiff's deed was not recorded within the 15 day requirement*.

 The basis of alleging that Plaintiff does not have legal capacity to sue, is because

a Post-foreclosure U.D. Action requires that the Owner Duly Perfect Title.

Whereas a Deed Upon Sale must be recorded within 15 days after the foreclosure sale.

In this case, *Plaintiff's deed was not recorded within the 15 day requirement*.

VIII.    AS AN SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE
DEFENDANT ASSERTS:

- Failure by landlord to furnish heat; constructive eviction. *Ch. 334, Landlord and
Tenant: Claims for Damages, § 334.108; see also Civ. Code § 1927*

IX. AS A EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE
   DEFENDANT ASSERTS:

- Failure by landlord to place tenant in possession of premises; constructive eviction. *Ch. 334, Landlord and Tenant: Claims for Damages, § 334.110; see also   Dengler v. Michelssen (1888) 76 Cal. 125, 127, 18 P. 138*

X.  AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE
   DEFENDANT ASSERTS:

- **Frustration of purpose of lease**; discharge from payment of rent. *Ch. 334, Landlord and Tenant: Claims for Damages, § 334.116; see also   Lloyd v. Murphy (1944) 25 Cal. 2d 48, 53, 153 P.2d 47 ;  Fey v. Rossi Improvement Co. (1914) 23 Cal. App. 766, 767-768, 139 P. 908*

XI. AS A TENTH AND SEPARATE AFFIRMATIVE DEFENSE
   DEFENDANTS ASSERT THAT:
   **PLAINTIFF FILED THE U.D. COMPLAINT PREMATURELY BECAUSE PLAINTIFF FAILED TO SERVE A 90 DAY POST-FORECLOSURE NOTICE TO "ALL UNKNOWN TENANTS" AND FAILED TO WAIT THE 90 DAY WAITING PERIORD, PRIOR TO FILING THIS ACTION.**

*CALIFORNIA LAW MANDATES A "90 DAY NOTICE TERMINATING TENANCY"*

FOR *POST FORECLOSURE EVICTIONS INVOLVING TENANTS.*

As of January 1, 2013, California law provides that tenants or subtenants under a month-to-month or periodic tenancy are entitled to 90 days' written notice to quit following foreclosure. See CCP § 1161b(a).

Here, the circumstances show that Plaintiff never served a 90 Day Notice to Quit on **"all unknown occupants"** and the **DOES** as required by law.

////

/////

//////

1

2

   WHEREFORE defendants pray for judgment in their favor against plaintiff and asks the court

3

to allow defendants to keep possession of the residence and that the Plaintiff take nothing

4

for their complaint.

5

Feb. 22, 2016

6

7

   By _____

8

   Sam Lee

9

   By _____

10

   Jung Kim

11

12

13

14

15

16

17

18

19

20

21

/////

22

///////

23

/////////

24

25

/////////////

26

///////

27

28

**Verification of Sam Lee**

I am a defendant in this action and have read the answer and understand the contents thereof.

I declare under penalty of perjury that the foregoing is true and correct under penalty and perjury, except as to the rules of law or facts stated based on information and belief of which we believe to be true.

Dated: Feb. 22, 2016

By  x _____
　　　　Sam Lee

**Verification of  Jung Kim**

I am a defendant in this action and have read the answer and understand the contents thereof.

I declare under penalty of perjury that the foregoing is true and correct under penalty and perjury, except as to the rules of law or facts stated based on information and belief of which we believe to be true.

Dated: Feb. 22, 2016

By  x _____
　　　Jung Kim , Defendant

# EXHIBIT "A"



**This page is part of your document - DO NOT DISCARD**



## 20150523036



Pages:
0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/06/15 AT 11:00AM**

| | |
|---|---:|
| FEES: | 21.00 |
| TAXES: | 2,167.20 |
| OTHER: | 0.00 |
| PAID: | 2,188.20 |



**LEADSHEET**



201505063240020

00010532221



006810274

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

TDUS
TS # 9462-0657
TSG Order # 130194502-CA-MAI

RECORDING REQUESTED BY: JUNG JOON LEE

WHEN RECORDED , PLEASE MAIL A COPY TO:
JUNG JOON LEE
1406 N HARBOR BLVD #101
FULLERTON, CA 92835

Forward Tax Statements to the Address Given Above


05/06/2015
*20150523036*

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 9462-0657                              TSG Order #: 130194502-CA-MAI

## TRUSTEE'S DEED UPON SALE

A.P.N.: 5138-001-075                          Transfer Tax: $0.00

The Grantee Herein was not the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $578,389.04
The Amount Paid by the Grantee was $387,000.00
Said Property is in the City of LOS ANGELES, County of Los Angeles

NBS Default Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEYS without covenant or warranty, express or implied, to: SUNG SOO WON, SUNG SOOK LEE (herein called Grantee) but without covenant or warranty, expressed or implied, to the property situated in the county of Los Angeles, State of California, described as follows:

A CONDOMINIUM COMPRISED OF:
PARCEL 1:
AN UNDIVIDED 1/236TH INTEREST IN AND TO LOT 1 OF TRACT 40679, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 979, PAGES 12 AND 13 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.
EXCEPT THEREFROM
(A) THE 236 CONDOMINIUM UNITS AS SHOWN ON THE CONDOMINIUM PLAN RECORDED ON AUGUST 27, 1982 AS INSTRUMENT NO. 82-866672, OFFICIAL RECORDS OF THE LOS ANGELES COUNTY RECORDER (THE "CONDOMINIUM PLAN") AND AS AMENDED NOVEMBER 19, 1982 AS INSTRUMENT NO. 82-1163774, OFFICIAL RECORDS.
(B) ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES IN AND UDNER ALL OF SAID LAND, BUT WITHOUT ANY RIGHT TO PENETRATE, USE OR DISTURB SAID PROPERTY WITHIN 500 FEET OF THE SURFACE THEREOF, AS RESERVED IN DEEDS RECORDED MARCH 3, 1981 AS INSTRUMENT NO. 81-222037, MARCH 3, 1981 AS INSTRUMENT NO. 81-223306, APRIL 8, 1968 AS INSTRUMENT NO. 473 AND APRIL 3, 1981 AS INSTRUMENT NO. 81-336307, OFFICIAL RECORDS.
PARCEL 2:

MAIL TAX STATEMENTS TO: THE ABOVE MENTIONED ADDRESS

TDUS                                    1.                          2146903090

TDUS
TS # 9462-0657
TSG Order # 130194502-CA-MAI

UNIT 301R AS SHOWN ON THE CONDOMINIUM PLAN

This deed is made pursuant to the authority and powers, including the power of sale conferred upon Trustee (or to Successor Trustee) by the Deed of Trust dated 12/07/2005 made to SHIN J BYUN, A SINGLE WOMAN, and recorded on 12/16/2005, in the office of the County Recorder of Los Angeles, California, as Document No.: 053099374, Book No.: -, Page No.: -, Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

All requirements per law and of said Deed of Trust relating to this sale to notice thereof have been complied with. Trustee or Successor Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 04/20/2015 at the place specified in said Notice, Grantee, being the highest bidder at said sale became the purchaser of said property for the bid amount, being $387,008.00, in lawful money of the United States, in proper, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

Date: April 22, 2015                          NBS Default Services, LLC


By: _____   _____
                                   Gaby Ospino


┌─────────────────────────────────────────────────┐
A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.
└─────────────────────────────────────────────────┘


State of California
County of Los Angeles

On 4/22/2015 before me, Henry J. Wojtusik, a Notary Public, personally appeared, Gaby Ospino, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

HENRY J. WOJTUSIK
Commission # 2100008
Notary Public - California
Los Angeles County
My Comm. Expires Feb 13, 2019

TDUS                                2                          2146903090

# PROOF OF SERVICE

STATE OF CALIFORNIA                    )
                                       ) ss.
COUNTY OF LOS ANGELES                  )

I am over the age of 18 years and not a party to the within entitled action.

My business or Mailing address is [Address of Person Mailing Documents]:

**3600 Wilshire Blvd., Los Angeles, CA 90010**

- On **Feb. 22, 2016, I served** the document attached hereto or provided herewith, **namely**:

Defendant  Sam Lee and Jung Kim 'sVERIFIED ANSWER TO COMPLAINT OF SUNG SOOK LEE

___x___  (**by Mail**) By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid to be placed in the U.S. Mail, addressed as set forth below. I am readily familiar with the attorney for the party serving this document's practice for collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day as the day of collection in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**ADDRESSES:**
Yang & Kim
Su Kim and Donald Yang
2600 Michelson Dr., Ste. 1700
Irvine, CA 92612

I certify or declare, under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on **Feb. 22, 2016**

By _____
      Server: **Jeremy Lee**

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>SAM LEE | DEFENDANTS SUNG SOOK LEE; SU M.<br>KIM; DONALD YANG; YANG & KIM,<br>A PROFESSIONAL LAW CORPORATION;<br>AND DOES 1 to 5 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other   MOVANT<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. TOM BANE CIVIL RIGHTS ACT 2. VIOLATION OF CIVIL RIGHT; 3. CONSPIRACY
AGAINST RIGHTS. 4. UNLAWFUL EVICTION. VIOLATION OF AUTOMATIC STAY; 5. ABUSE
OF PROCESS; 6. FRAUD BY INTENTIONAL MISREPRENTATION 7. TEMPORARY RESTRAINING
ORDER; PRELIMINARY & PERMANENT INJUCTION; 8. CONSPIRACY TO PARTICIPATE RICO.

| NATURE OF SUIT | |
|---|---|
| **(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)** | |

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☑ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>     (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☑ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>     actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>     if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FILED
MAR 15 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *SAM LEE AKA YOUNG SAM LEE* | BANKRUPTCY CASE NO. *2:14-bk-26377-SK* | |
| DISTRICT IN WHICH CASE IS PENDING *CENTRAL DISTRICT CALIFORNIA* | DIVISION OFFICE *LA* | NAME OF JUDGE *SANDRA KLEIN* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE *03-14-2017* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *YOUNG SAM LEE / SAM LEE* |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.